UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In Re:

**QUIRING, TODD J. & KIMBERLY M.**

Debtor(s)

Case No. **16-20560**

## CHAPTER 13 PLAN AND RELATED MOTIONS

☐   This Chapter 13 Plan and Related Motions contains language that is different from the standard plan as approved by the U.S. Bankruptcy Court, District of Idaho. An asterisk immediately preceding the section number designates a modified plan section. No asterisk is provided for any fill-in-the-blank sections, designated check boxes, or claim treatment within any table. *Failure to check this box will make any modified provisions of the plan void.*

**This plan is proposed by the Debtor(s). It contains provisions that may significantly affect your rights. It contains matters, which if not objected to, may be accepted by the Court as true. A Creditor who wishes to oppose the plan and related motions may do so by timely filing a written objection. Any objection must be in writing, and must be filed with the Court and served upon the Debtor(s), Debtor(s)' attorney, and the Chapter 13 Trustee as follows (check one):**

☒   This Chapter 13 Plan was filed with the petition. Confirmation may be accelerated pursuant to Local Bankruptcy Rule 2002.5(a). Any objection must be filed and served not later than seven (7) days after the time set for the Section 341(a) Meeting of Creditors, or as otherwise allowed by law. Absent any such objection, the Court may confirm this plan, accept the valuations and allegations herein, and grant the motions without further notice or hearing.

☐   This Chapter 13 Plan was not filed with the petition. Any objection must be filed and served no later than seven (7) days prior to the time set for the confirmation hearing, or as otherwise allowed by law. Absent any such objection, the Court may confirm this plan, accept the valuations and allegations herein, and grant the motions without further notice or hearing pursuant to Local Bankruptcy Rule 2002.5(b).

☐   This is an amended plan subject to notice, hearing, and objections under Local Bankruptcy Rule 2002.5(c).

*If a Creditor files a timely written objection, that Creditor must also appear at the hearing on confirmation of the plan to assert the objection or the objection may be denied without further notice or hearing. The provisions of the confirmed plan will bind the Debtor(s) and each Creditor.*

Chapter 13 Plan Revision Date – July 2016

1

1. **DISCHARGE.** (Check One)

    ☐ Debtor(s) is/are not eligible for a discharge of debts pursuant to 11 U.S.C. § 1328(f), OR

    ☒ Debtor(s) is/are seeking a discharge of debts pursuant to 11 U.S.C. § 1328(a).

2. **PAYMENTS TO THE TRUSTEE.**

    Such portion of the projected future earnings and income of the Debtor(s) as is necessary for the execution of the plan is submitted to the supervision and control of the Chapter 13 Trustee for the duration of this plan, to wit:

    2.1   **PERIODIC PLAN PAYMENTS.**

    In addition to the payments provided under Sections 6.1, 6.3, 6.4 and 8 of this plan, Debtor(s) will pay to the Trustee for a term of **36** months the sum of **$195** monthly. The Debtor(s) shall commence making payments proposed by the plan to the Trustee no later than thirty (30) days after the date the bankruptcy petition is filed.

    2.2   **INCOME TAX REFUNDS.**

    ☐ Debtor(s) projects no income tax refunds during the term of this plan. As a result, no income tax refunds will be turned over to the Trustee, OR

    ☒ Debtor(s) projects income tax refunds during the term of this plan. During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), the Debtor(s) will turn over to the Trustee all net income tax refunds. At any time during the term of the plan, Debtor(s) shall be entitled to use a tax refund to pay taxes due any other taxing authority; however, the Debtor(s) shall remit any net income tax refund balance to the Trustee. Upon the Trustee's stipulation with the Debtor(s) and an order of the Court, the Debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the Debtor(s).

    2.3   **EARLY PAYOFF.**

    Debtor(s) may not pay off this plan in less than the applicable commitment period without notice to interested parties and an opportunity for hearing before the Court unless the plan pays all allowed unsecured creditors in full.

    2.4   **WAGE DEDUCTION ORDER.**

    Debtor(s) acknowledge that if the Debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under Section 2.1 of this plan, upon request of the Trustee, a wage deduction order to Debtor(s)' employer may immediately be issued.

**2.5   DEFERRAL OF PAYMENTS FOR CAUSE.**

The Trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the Court.

**3. POST-CONFIRMATION RECOVERY OF PROPERTY.**

Debtor(s) elect as follows: (Check One)

☒ The Trustee shall retain the right, post-confirmation, to recover monies, to recover property and to avoid liens pursuant to 11 U.S.C. § 541, *et seq*. Any such recovery or avoidance shall, when liquidated, be disbursed to Creditor(s) as additional disposable income, in accordance with 11 U.S.C. § 1325 (b), OR

☐ The Debtor(s) has/have calculated the right to recover monies, to recover property and to avoid liens pursuant to 11 U.S.C. § 541, *et seq*. in the plan payment. As a result, the Trustee shall not retain such further rights post-confirmation to recover money or property on all transfers and avoidance actions that were timely disclosed to the Trustee and the Creditor(s) prior to confirmation.

**4. PROVISIONS FOR ADMINISTRATIVE AND PRIORITY CLAIMS.**

From the payments received, the Trustee shall make disbursements to holders of allowed claims entitled to administrative and priority status under 11 U.S.C. § 503 and § 507 respectively, in deferred cash payments as follows:

**4.1   DOMESTIC SUPPORT OBLIGATIONS. (Check All Applicable Boxes)**

☒ No Domestic Support Obligations are owed.

☐ The Debtor(s) is/are current on Domestic Support Obligations and will continue to make post-petition payments pursuant to the support order.

☐ Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C. § 507(a)(1)(A), which are estimated to be $_____ shall be paid in equal monthly installments over the term of the plan. The Debtor(s) will continue to make post-petition payments pursuant to the support order.

☐ Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C. § 507(a)(1)(B) shall be paid in equal monthly installments over the term of the plan. Total of payments if less than 100%:. The Debtor(s) will continue to make post-petition payments pursuant to the support order.

**4.2 TRUSTEE.**
Fees to the Trustee as provided by 28 U.S.C. § 586.

**4.3 ATTORNEY.** (Check One)

☒ Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016.1, of $3,500 (not to exceed $3,500), exclusive of costs. Said attorney has received $ 1,200 prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial **18** months of distribution or in such longer period as is required to allow the Trustee to make the set monthly installments as set forth in this plan.

☐ Fees and costs to the Debtor(s)' attorney in an amount to be proven and allowed by the Court but not to exceed $-----, payable in equal monthly installments over the initial -- months of distribution. This is in addition to the fee retainer paid pre-petition ($--) and any sums allowed in any previous orders.

**4.4 TAXES AND OTHER GOVERNMENT PRIORITY CLAIMS.**

Upon confirmation of the plan and the filing of an allowed claim, any allowed unsecured priority claims of governmental units, which are estimated to be $-- shall be paid: (Check One)

☒ In equal monthly installments over the term of the plan.

☐ As funds become available after set monthly installments pursuant to the plan are made.

## 5. PROVISIONS FOR MODIFICATION OF SECURED CLAIMS.

To each of the following named Creditor(s) holding an allowed secured claim, the Creditor shall retain its lien on the collateral securing that claim until the earlier of 1) the payment of the underlying debt determined under non-bankruptcy law; or 2) discharge under 11 U.S.C. § 1328. If the case is dismissed or converted without completion of the plan, such lien shall be retained by the secured creditor to the extent recognized by applicable non-bankruptcy law.

Secured creditor(s)' rights and claims will be modified in accordance with the terms provided herein and payments will be made to the Creditor by the Trustee.

Unless otherwise provided, the allowed secured claim shall be amortized at the rate of interest (simple interest, direct reducing) in equal monthly installments over the term of the plan.

The projected total payments constitute the Debtor(s)' best estimate of the total of all payments to be made to the secured Creditor(s) on the secured portion of such Creditors' claims. At the discretion of the Trustee, allowed secured claims of $500 or less may have payment accelerated. In the event that the Creditor files a proof of claim indicating the secured claim is less than the amount provided for in the plan or that provides for a lower interest rate, then the Trustee shall pay the lower claim amount or lower interest rate per the claim.

If a secured creditor objects to the provision, Debtor(s) will ask the Court, at the hearing on confirmation, to confirm the plan over the Creditor's objection, pursuant to 11 U.S.C. § 1325(a)(5)(B).

### 5.1 MODIFICATION OF RIGHTS (OTHER THAN VALUE) OF HOLDERS OF CERTAIN PURCHASE MONEY SECURED CLAIMS (PMSI) ON MOTOR VEHICLES PURCHASED WITHIN 910 DAYS OF THE FILING OF THE CASE FOR THE DEBTOR(S) PERSONAL USE OR ANY OTHER THING OF VALUE PURCHASED WITHIN A YEAR OF FILING.

To each of the following named Creditor(s) holding properly perfected PMSI as described above, the Debtor(s) intend to pay the amount of your secured claim in full. The total estimated amount provided hereinafter represents the Debtor(s)' assertion of the amount of the claim as of the day the bankruptcy was filed. In the event that the Creditor's allowed claim provides otherwise, the allowed claim shall control.

The Debtor(s) hereby MOVES the Court for an order so fixing the treatment of the secured claim as follows:

| CREDITOR | | | |
|---|---|---|---|
| COLLATERAL DESCRIPTION | | | |
| CONTRACT DATE (REQUIRED) | ESTIMATED AMOUNT OF CLAIM | RATE OF INTEREST PER PLAN | PROJECTED TOTAL PAYMENTS |
| | | | |

### 5.2 MODIFICATION OF RIGHTS OF HOLDERS OF SECURED CLAIMS (INCLUDING SECURED TAX CLAIMS).

To each of the following named Creditor(s) the Debtor(s) has/have set forth the amount of your secured claim and your rights and claims will be modified in accordance with the terms provided for herein by Debtor(s). Except as provided by 11 U.S.C. § 1325(a)(5)(B)(i)(II), an order setting the secured portion of a claim, at less than the total amount of the entire claim, voids the Creditor(s)' lien to the extent of the unsecured portion of the claim.

Any portion of the debt owed to a Creditor in excess of the allowed secured claim will be treated in this plan as an unsecured claim. Subject to the terms of the order of confirmation of the plan, unless otherwise ordered by the Court, payments shall commence from the Trustee upon filing of an allowable claim.

The Debtor(s) hereby MOVES the Court for an order so fixing the amount of the allowed secured claim as follows:

| CREDITOR | |
|---|---|
| COLLATERAL DESCRIPTION | |

| CONTRACT DATE (REQUIRED) | ALLOWED SECURED CLAIM | RATE OF INTEREST PER PLAN | PROJECTED TOTAL PAYMENTS |
|---|---|---|---|
| | | | |

**5.3    CURING OF DEFAULT OF LONG-TERM SECURED CLAIMS.**

To each of the following named Creditor(s), the Debtor(s) do not propose to pay, in full, their allowed secured claim during the term of this plan. Each Creditor shall retain its lien on the collateral securing the claim until the allowed secured claim is paid in full.

The Debtor(s) will continue the regular monthly contract payments directly to the Creditor pursuant to the contract terms. Each post-petition payment shall be paid by Debtor(s) as it comes due. The initial post-petition payment shall commence on the first full month following the filing of this bankruptcy by Debtor(s).

The default payments under this plan, shall be applied by Creditor to the earliest payment for which a portion of the payment is due. Default payments shall commence upon filing of an allowable claim and subject to the terms of the order of confirmation of the plan. Unless otherwise provided, payments shall be in equal monthly amounts during the term of the plan. The total in default provided hereinafter represents the Debtor(s)' assertion of the amount of the default as of the day the bankruptcy was filed. In the event that the Creditor(s)' allowed claim provides otherwise, the allowed claim shall control. Each Creditor shall further be entitled to receive interest on their claim, as allowed by law. Such interest rate shall be the non-default contract rate of interest provided in the contract between each Creditor and Debtor(s). In addition to the default, for each claim secured only by an interest in the Debtor(s)' principal residence the Trustee is authorized to pay a claim filed for the preparation of the proof of claim not to exceed $425 without further notice or hearing.

| CREDITOR | Ditech, PO Box 6172, Rapid City, SD, 57709 |
|---|---|
| COLLATERAL DESCRIPTION | 890 S. Stoneriver Drive, Rathdrum, ID 83858 |
| PROJECTED DEFAULT | RATE OF INTEREST |
| $1,953 | 0% |

| CREDITOR | Global Credit Union, PO Box 3200, Spokane, WA 99220 |
|---|---|
| COLLATERAL DESCRIPTION | 2007 Chevrolet Suburban |
| PROJECTED DEFAULT | RATE OF INTEREST |
| $315 | 0% |

**5.4    LIENS AVOIDED ON DEBTOR(S)' REAL PROPERTY.**

TO EACH OF THE FOLLOWING NAMED CREDITORS, THE DEBTOR(S) CONTEND THAT THE BALANCE DUE ON THE NOTE(S) SECURED BY PRIOR PROPERLY RECORDED DEEDS OF TRUST EXCEED THE VALUE OF THE REAL ESTATE SECURING SAID CREDITOR'S LIEN AND THAT YOUR CLAIM IS COMPLETELY UNSECURED. TO EACH OF THESE CREDITORS, YOUR TIMELY FILED CLAIMS WILL BE TREATED IN THIS PLAN AS UNSECURED CLAIMS AND UPON THE SUCCESSFUL COMPLETION OF THIS PLAN YOUR LIEN WILL BE AVOIDED.

For each Creditor listed in this section the Debtor(s) will serve notice as required in Bankruptcy Rule 7004 and file a proof of service with the Court.

**The Debtor(s) hereby MOVE the Court for an order so fixing the amount of the allowed secured claim as zero dollars.**

| CREDITOR | - |
|---|---|
| PROPERTY DESCRIPTION | - |

| VALUE OF REAL ESTATE | BALANCE OF RECORDED LIENS WITH HIGHER PRIORITY | RECORDING DATE OF LIEN BEING AVOIDED | INSTRUMENT NUMBER |
|---|---|---|---|
| - | - | - | - |

6. **DISBURSEMENTS DIRECTLY BY DEBTOR(S).**

Debtor(s) shall make the following disbursements directly to Creditor(s) and shall treat the following claims and obligations as indicated:

6.1    SECURED CLAIMS NOT IN DEFAULT.

To secured creditors whose rights are not being modified, the secured claim of each shall be paid directly by Debtor(s) according to the terms of the outstanding agreements with each creditor. For each claim secured only by an interest in the Debtor(s)' principal residence the Trustee is authorized to pay a claim filed for the preparation of the proof of claim not to exceed $425 without further notice or hearing. The Debtor(s) shall pay these creditors directly as follows:

| CREDITOR | Matco Tools, 4403 Allen Rd, Stow, 44224 | | |
|---|---|---|---|
| COLLATERAL DESCRIPTION | Tools – Revolving Account | | |
| DATE OF CONTRACT | RATE OF INTEREST (REQUIRED) | ESTIMATED BALANCE OWING | AMOUNT OF PAYMENT MADE DIRECTLY BY THE DEBTOR(S) |
| 3/2000 | 0% | | $80 |

| CREDITOR | US Bank Home Mortgage, PO Box 21948, Saint Paul, MN 55121 |
|---|---|
| COLLATERAL DESCRIPTION | 890 S. Stoneriver Drive, Post Falls, ID 83854. |

| DATE OF CONTRACT | RATE OF INTEREST (REQUIRED) | ESTIMATED BALANCE OWING | AMOUNT OF PAYMENT MADE DIRECTLY BY THE DEBTOR(S) |
|---|---|---|---|
| 6/2011 | 4% | $24,713 | $150 |

**6.2 SURRENDER OF COLLATERAL DEBTOR.**

The Debtor(s) shall surrender their interest in the collateral securing the claims of the following Creditor(s). Unless the automatic stay has already been terminated by Court order or applicable law, upon the entry of the order confirming this plan, the automatic stay imposed by 11 U.S.C. § 362(a) as against the Creditor(s) and collateral set forth below, shall be terminated pursuant to 11 U.S.C. § 362(d).

| CREDITOR | COLLATERAL TO BE SURRENDERED |
|---|---|
| Potlatch #1 Federal Credit Union | 1995 Mitsubishi VR4 3000 GT |

**6.3 PRE-CONFIRMATION PAYMENTS TO PURCHASE MONEY SECURED CREDITORS OF PERSONAL PROPERTY.**

No later than thirty (30) days after the date the bankruptcy petition is filed the Debtor(s) shall commence making payments on allowed claims of purchase money secured creditors of personal property, in an amount sufficient to provide adequate protection, directly to the Creditor(s) until confirmation. The payments made under this subsection shall reduce the amount owed under the plan. The Debtor(s) shall provide the Trustee evidence of such payments, including the amount and date of the payments.

| CREDITOR | COLLATERAL DESCRIPTION | ADEQUATE PROTECTION PAYMENT |
|---|---|---|
| - | - | - |

**6.4 POST-PETITION TAX OBLIGATIONS. (Check All That Apply)**

☒ Real property taxes are being paid through escrow by Debtor(s)' mortgage holder.

☐ Real property taxes are being paid by the Debtor(s).

☐ Personal property taxes are being paid by Debtor(s).

Chapter 13 Plan Revision Date – July 2016

9

## 7. PROVISIONS FOR UNSECURED CLAIMS.

### 7.1 CLASSIFICATION OF UNSECURED CLAIMS.

Unless otherwise provided, the following unsecured claims will receive from the Trustee the indicated dollar amounts, in equal monthly installments during the term hereof, on their allowed claim. Payments shall commence upon confirmation of this plan and filing of an allowed claim.

| CREDITOR | AMOUNT TO BE PAID |
|---|---|
| CLASS "A" Co-signed claims owing to:<br>- | To be paid in full.<br>(Debtor(s) estimates this claim to be $ -) |
| CLASS " B" - Other claims owing to:<br>- | - |

### 7.2 GENERAL UNSECURED CLAIMS.

Upon confirmation, and at times consistent with the other provisions of this plan, the Trustee will, from funds available after payment of priority and secured claims, pay pro-rata dividends to all Creditor(s) who have filed timely allowed unsecured claims.

## 8. ASSUMPTION OR REJECTION OF UNEXPIRED LEASES AND/OR EXECUTORY CONTRACTS.

The Debtor(s) hereby MOVE for the approval of the assumption or rejection (as applicable) of the following unexpired leases and/or executory contracts in accordance with 11 U.S.C. § 365. For those lease(s) and/or contract(s) assumed below, the total in default provided hereinafter represents the Debtor(s)' assertion of the amount of the default as of the day the bankruptcy petition was filed. In the event that the Creditor(s)' allowed claim provides otherwise, the allowed claim shall control.

Payments on any assumed lease(s) and/or contract(s) due after the filing of the bankruptcy petition shall be made directly by the Debtor(s) pursuant to the terms of the contract and not through the Trustee no later than thirty (30) days after the date the bankruptcy petition is filed. The Trustee shall pay the default over the term of the plan; however, at the discretion of the Trustee, defaults of $500 or less may have payment accelerated. At the request of the Trustee the Debtor(s) shall provide evidence of such payments, including the amount and date of the payments. Payments curing defaults on any such assumed lease(s) and/or contract(s) shall be paid through the Trustee.

In regard to any lease(s) and/or contract(s) rejected by the Debtor(s), unless the automatic stay has already been terminated by Court order or applicable law, upon the entry of the order confirming this plan, the automatic stay shall be terminated as against the lease(s) and/or contract(s) rejected and the Creditor(s) and property involved.

| CREDITOR | - |
|---|---|
| COLLATERAL DESCRIPTION | |

| REJECT OR ASSUME | LEASE END DATE | MONTHLY PAYMENT MADE DIRECTLY BY DEBTOR(S) | PROJECTED TOTAL IN DEFAULT TO BE PAID BY TRUSTEE |
|---|---|---|---|
|  | - | - | - |

9. **AVOIDANCE OF LIENS ON EXEMPT PROPERTY PURSUANT TO LOCAL BANKRUPTY RULE 4003.2.**

☒ A check in this box indicates that no motion to avoid judicial liens under 11 U.S.C. § 522(f)(1)(A), or to avoid non-possessory, non-purchase money security interests under 11 U.S.C. § 522(f)(1)(B), is proposed in this plan. Any such motion will be filed separately either before or after confirmation.

☐ A check in this box indicates that a motion to avoid judicial liens under 11 U.S.C. § 522(f)(1)(A), or to avoid non-possessory, non-purchase money security interests under 11 U.S.C. § 522(f)(1)(B), is made herein and the allegations and details as required by the Code and Rules are asserted below.

10. **VESTING OF PROPERTY OF THE ESTATE.**

Subject only to the liens provided for in this plan and upon confirmation of this plan, all property of the estate: (Check One)

☒ Shall vest in the Debtor(s), OR

☐ Shall not vest in the Debtor(s).

DATED this 29th day of July, 2016.

/s/ _____
TODD J. QUIRING, Debtor

/s/ _____
KIMBERLY M. QUIRING, Co-Debtor

/s/ _____
Jeffrey H. Andrews, Attorney for the Debtor(s)

Chapter 13 Plan Revision Date – July 2016

12